I concur with the majority's decision denying plaintiff's claim for an alleged injury to her back. However, I respectfully disagree with the majority's decision awarding plaintiff temporary total disability benefits from June 28, 2006 and continuing, as the evidence only supports payment of indemnity through February 2007 and that she returned to work in December 2007. However, more importantly, I disagree with the majority's decision finding plaintiff's bilateral carpal tunnel syndrome a compensable occupational disease.
The greater weight of the evidence and testimony establishes plaintiff's job duties as a salon manager required her to groom animals 75% to 80% of the time, with managerial duties accounting for the rest of her time. Plaintiff used electric clippers with her right hand to groom and used her left hand to hold the animal steady. During the grooming process, plaintiff's fingers and wrists did not move, instead she moved her arm around the animal. Plaintiff used the electric clippers approximately four hours per day but this activity was not continuous, as she often had to stop grooming to answer phones and assist customers. Plaintiff was allowed to move at her own pace while grooming animals.
I believe the opinion of Dr. Krakauer, when viewed as a whole, does not support a finding that plaintiff's bilateral carpal tunnel syndrome was caused by her job duties and that plaintiff's job placed her at an increased risk over the general public for developing her condition. Dr. Krakauer's opinion is predicated on the belief that plaintiff's counsel accurately *Page 17 
described plaintiff's job duties to Dr. Krakauer when soliciting his opinion on the issue of causation. However, the description of plaintiff's job provided to Dr. Krakauer is not accurate and not based upon the greater weight of the evidence and testimony. Further, Dr. Krakauer reviewed a video depicting the work performed by a dog groomer that was not an accurate depiction of all of plaintiff's duties as a salon manager. Dr. Krakauer did not review Mr. Gorrod's ergonomic evaluation or any written job description depicting plaintiff's actual job duties as a salon manager. As such, I believe his opinion amounts to speculation and plaintiff has failed to carry the burden of proving by competent evidence that a causal relationship exists between her job duties and her bilateral carpal tunnel syndrome. Click v. FreightCarriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
For these reasons, I believe plaintiff's claim for disability related to her bilateral carpal tunnel syndrome should be denied. Even if plaintiff's claim is found compensable, the evidence does not support an award of ongoing temporary total disability compensation.
S/___________________
DIANNE C. SELLERS
 COMMISSIONER *Page 1